UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHN FISHER,

    Plaintiff,

v.

DEPUTY SHERIFF RANDY
SECOY, *et al*,

    Defendants.

CASE NO. 2:12-cv-734
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion for Judgment on the Pleadings. (ECF No. 11.) For the reasons that follow, the Court **GRANTS** Defendants' motion.

### I.

This action stems from the 2010 arrest of Plaintiff John Fisher by Defendants Athens County Sheriff Deputies Randy Secoy and Jimmy Childs (collectively "Defendants"). The facts considered herein are taken from the "Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [D]efendant[s'] motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

Within his Complaint, Plaintiff asserts that on April 27, 2010, Beatrice Black accused him of "attempting to menace and/or abduct her child." (Compl. ¶ 5, ECF No. 2.) Plaintiff contends that Ms. Black's accusation was false, that he at no point attempted to touch or abduct her child, and that during the time in question he was simply "minding his own business . . . ."

(*Id.* at ¶¶ 5–6.)

According to Plaintiff, based on Ms. Black's accusations, Defendants arrested him. (*Id.* at ¶ 8.) Plaintiff maintains that Defendants did not question him regarding his version of events. (*Id.* at ¶ 7.) Moreover, Plaintiff asserts that, if Defendants would have thoroughly investigated the situation they would have discovered that Ms. Black had mental health and drug issues, and was being untruthful. (*Id.* at ¶ 9.) As a result of his arrest, Plaintiff contends that he was imprisoned "for a number of days" and required to pay a non-refundable bond to leave jail. (*Id.* at ¶¶ 8, 10.)

Plaintiff pleads that Defendants caused criminal charges for aggravated menacing to be filed against him. (*Id.* ¶¶ 12–13.) Records from the Athens County Municipal Court reflect that Deputy Secoy filed a Warrantless Arrest Statement and Criminal Complaint charging Plaintiff with aggravated menacing on April 27, 2010. (Mot. J. Ex. A, ECF No. 11-1; Mot. J. Ex. B, ECF No. 11-2.) Plaintiff further alleges that Defendants "convinced the Prosecuting Attorney's Office to prosecute the Plaintiff for a number of months on said charges." (Compl. at ¶ 13.) On August 13, 2010, the criminal proceedings were dismissed "[d]ue to [the] prosecutor's decision not to proceed to trial, but not due to lack of probable cause to arrest." (Mot. J. Ex. C, ECF No. 11-3.)

Plaintiff filed this civil action on August 13, 2012. Within his Complaint, Plaintiff brings claims against Defendants, in their individual and official capacities, for violation of his constitutional rights. Plaintiff also alleges the state law claims for intentional infliction of emotional distress and state constitutional violations.

II.

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil

2

Procedure 12(c). The Court reviews motions made under Federal Rule of Civil Procedure 12(c) in the same manner it would review a motion made under Federal Rule of Civil Procedure 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Accordingly, to survive a motion for judgment on the pleadings a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To be considered plausible, a claim must be more than merely conceivable. *Id.* at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in *Twombly* ). The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Moreover, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Watson Carpet & Floor Covering, Inc. v. Mohawk Indus., Inc.*, 648 F.3d 452, 457 (6th Cir. 2011) (internal quotations omitted).

An action will be dismissed on the pleadings "if on the face of the complaint there is an insurmountable bar to relief." *Gascho v. Global Fitness Holdings, LLC*, 863 F. Supp. 2d 677, 690 (S.D. Ohio 2012). "A defendant may raise a statute of limitations defense in the context of a [] motion to dismiss." *Reid v. Baker*, 499 F. App'x 520, 524 (6th Cir. Sept. 7, 2012). "Indeed, while a defendant ordinarily has the burden to establish its statute of limitations defense, when the court can ascertain from the complaint that the period for bringing the claim has expired, a plaintiff must affirmatively plead an exception to the limitations statute." *Id.* at 526.

3

## III.

Plaintiff alleges his federal claims for relief under 42 U.S.C. § 1983. Section 1983 is the procedural vehicle through which a plaintiff may "vindicate the deprivation of a right secured by the Constitution or laws of the United States caused by a person acting under color of state law." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). To survive a motion to dismiss a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) the defendants' conduct deprived the plaintiff of rights secured under federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

Plaintiff asserts two claims for violations of the Fourth Amendment: a claim for "risk of continued seizure and deprivation of liberty . . . based on the fact that he was maliciously prosecuted" and a claim based on the allegation that he "was prosecuted illegally without probable cause . . . ." (Resp. Mot. J. at 2, ECF No. 13.) The Court construes these claims as false arrest/imprisonment and malicious prosecution. Plaintiff also alleges in one paragraph of the Complaint that Defendants' actions violated the Fifth, Sixth, and Eighth Amendments to the Constitution of the United States as well as Article I Sections 1, 2, 8, 9, 10, 11, 16 of the Constitution of the State of Ohio." (Compl. ¶ 20.) Finally, Plaintiff alleges a state law claim for intentional infliction of emotional distress.

### A. False Arrest/Imprisonment

The Court will first examine Plaintiff's potential claim for false arrest and/or imprisonment. Defendants maintain that any potential claim under § 1983, with exception of malicious prosecution, is untimely. This Court agrees.

4

"The applicable statute of limitations for 42 U.S.C. § 1983 claims arising in Ohio requires that claims be filed within two years of their accrual." *Huntsman v. Perry Local Schools Bd. of Educ.*, 379 F. App'x 456, 461 (6th Cir. 2010). Moreover, "[t]he general federal rule is that the statute of limitations begins to run when the reasonable person knows, or in the exercise of due diligence should have known, both his injury and the cause of that injury." *Bishop v. Children's Ctr. for Dev. Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010) (internal quotations omitted). For actions of false arrest/imprisonment, a claim "accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007); *see also William v. Kato*, 549 U.S. 384, 391–92 (2007) (holding that claim for false imprisonment accrued when the petitioner appeared before the Magistrate and was bound over for trial).

In this case, the Complaint, as well as the underlying Athens Municipal Court Docket, reflect that Plaintiff was arrested on April 27, 2010. Plaintiff asserts that he was jailed "for a number of days" and then released on bond. Plaintiff failed to file this action until August 13, 2012. Even construing the timing of this series of events reasonably in Plaintiff's favor, it is clear from the face of the Complaint that Plaintiff filed such claims after the requisite two-year period. This claim, therefore, cannot survive Defendants' Motion for Judgment on the Pleadings.

### B.  Malicious Prosecution

The United States Court of Appeals for the Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment." *Barnes v. Wright*, 449 F.3d 709, 715 (6th Cir. 2006) (internal quotations omitted). "The 'tort of malicious prosecution' is 'entirely distinct' from that of false arrest, as the malicious-prosecution

5

tort 'remedies detention accompanied not by absence of legal process, but by *wrongful institution of legal process.*'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (quoting *Wallace v. Kato*, 549 U.S. 384, 390 (2007)) (emphasis in original). The Sixth Circuit has described the elements of a federal malicious prosecution claim as follows:

> To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute." *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007); *see also McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005); *Darrah v. City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001); *Skousen v. Brighton High Sch.*, 305 F.3d 520, 529 (6th Cir. 2002). Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution, *Fox*, 489 F.3d at 237; *Voyticky*, 412 F.3d at 675. Third, the plaintiff must show that, "as a consequence of a legal proceeding," the plaintiff suffered a "deprivation of liberty," as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007); *see Gregory v. City of Louisville*, 444 F.3d 725, 748-50 (6th Cir. 2006) (discussing the scope of "Fourth Amendment protections . . . beyond an initial seizure," including "continued detention without probable cause"); *cf. Heck v. Humphrey*, 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) ("[U]nlike the related cause of action for false arrest or imprisonment, [an action for malicious prosecution] permits damages for confinement imposed pursuant to legal process."). Fourth, the criminal proceeding must have been resolved in the plaintiff's favor. *Heck*, 512 U.S. at 484, 114 S.Ct. 2364 ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

*Id.* at 308–09.

Defendants maintain that Plaintiff's malicious prosecution claims fails on the pleadings because, *inter alia*, Plaintiff failed to allege sufficient facts to support the claim that Defendants made, influenced, or participated in the decision to prosecute. This Court agrees.

Plaintiff's allegation that Defendants "convinced" the prosecuting attorney to prosecute and that Defendants did not "adequately investigate the accusations" of Ms. Black are

6

insufficient to support a claim of malicious prosecution. In *Sykes*, the Sixth Circuit addressed the requirements for determining whether a law enforcement officer made, influenced, or participated in the decision to prosecute. *Id.* at 311–17. The *Sykes* decision recognized that "[w]hether an officer influenced or participated in the decision to prosecute hinges on the degree of the officer's involvement and the nature of the officer's actions." *Id.* at 312 n.9. "[T]o demonstrate that the law enforcement officer "commence[d] a criminal proceeding for the purposes of a malicious prosecution claim" through testimony or the submission of investigative materials, a plaintiff must typically demonstrate that the officer "(1) stated a deliberate falsehood or showed reckless disregard for the truth . . . and (2) that the allegedly false or omitted information was material to" subsequent prosecutorial decisions or Court proceedings. *Id.* at 312.

For example, in *Sykes*, one of the officers that was found to have participated in the prosecution had provided a report that contained "several flagrant misrepresentations, exaggerations, and omissions of evidence that were key to determining whether probable cause existed to believe that the Plaintiffs had committed any crime." *Id.* at 301. That same officer gave demonstrably false testimony regarding the main documents upon which much of the case relied. *Id.* at 302 ("Sgt. Anderson also never revealed—to either the prosecution or the defense—that the gaming records had been accompanied by a disclaimer letter, and in direct conflict with that letter, Sgt. Anderson testified that the records established conclusively that Holmes had gambled approximately the same amount of money taken in the robbery in the three days following the robbery."). Likewise, another officer found to have participated in the prosecution was the only officer who testified at the preliminary examination by the state court

when it "determined that probable cause existed to bind the Plaintiffs over for trial," giving "at least two false statements that bore upon whether there was sufficient evidence to prosecute." *Id.*

In the case *sub judice*, Plaintiff's allegations fall far short of what constitutes participation or influence in a prosecutor's decision to prosecute. Indeed, all that Deputy Secoy did was repeat in a statement exactly what Ms. Black had told him. Thus, no reasonable inference can be drawn that Defendants made, influenced, or participated in the decision to prosecute Plaintiff. Therefore, even when accepting as true the factual allegations in the Complaint, and construing it and the contents of the other appropriate documents in Plaintiff's favor, the Court concludes that Plaintiff has failed to set forth a plausible claim for malicious prosecution.

## C. Remaining Federal Claims

In his Complaint, Plaintiff makes reference to Defendants' actions violating his rights under the Fifth, Sixth, and Eighth Amendments to the United States Constitution. Defendants assert that they are entitled to dismissal of any claims under these Amendments based on Plaintiff's failure to plead any facts supporting these theories. This Court agrees.

Plaintiff fails to develop, in either his pleading or his responsive briefing, any grounds for inferring that Defendants violated such federal rights. Accordingly, to the extent Plaintiff alleges claims for violations of these Amendments, the Court finds dismissal of them appropriate.

## D. State Law Claims

Because the Court disposes of all of Plaintiff's federal claims by this Opinion and Order, it declines to exercise supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367(c)(3). Consequently, Plaintiff's state law claims are appropriately dismissed without prejudice. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)("If the federal

8

claims are dismissed before trial . . . the state claims should be dismissed as well.");

*Brandenburg v. Housing Auth. of Irvine*, 253 F.3d 891, 900 (6th Cir. 2001) ("the usual course is for the district court to dismiss the state-law claims without prejudice if all federal claims are disposed of on summary judgment").

### IV.

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings (ECF No. 11) as it relates to Plaintiff's federal law claims and **DISMISSES** without prejudice Plaintiff's state law claims. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED.**

9-19-2013
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

9